344 F.2d 171
 INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW-AFL-CIO, and Its Local Union No. 155, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
The Cross Company, Intervenor.
 No. 18474.
 United States Court of Appeals District of Columbia Circuit.
 Argued October 14, 1964.
 Decided January 28, 1965.
 
 Mr. John Silard, Washington, D. C., with whom Messrs. Joseph L. Rauh, Jr., and Stephen I. Schlossberg, Washington, D. C., were on the brief, for petitioner.
 Mr. Gary Green, Atty., N. L. R. B., with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Warren M. Davison, Atty., N. L. R. B., were on the brief, for respondent.
 Mr. H. William Butler, Detroit, Mich., of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of court, with whom Mr. Gerard D. Reilly, Washington, D. C., was on the brief, for intervenor.
 Mr. Winthrop A. Johns, Washington, D. C., also entered an appearance for intervenor.
 Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and DANAHER, Circuit Judges.
 FAHY, Circuit Judge.
 
 
 1
 The Unions (The International and its Local No. 155) petition this court to review an order of the Board which dismissed a complaint against the Cross Company, intervenor in this court. The Board complaint had been issued on charges of unfair labor practices filed by the Unions against the Company, followed by the usual Board procedures under Section 10(c) of the National Labor Relations Act, as amended.[1] After a lengthy hearing the Trial Examiner filed an Intermediate Report to the effect that the Company had violated Sections 8(a) (1) and (3) of the Act. The Board decided otherwise, issuing the order of dismissal under our present review.
 
 
 2
 The case grew in part out of an earlier one in which the Board had found the Company had violated Section 8(a) (5) of the Act. Its ensuing order against the Company, however, had been denied enforcement in Cross Company v. NLRB, 286 F.2d 799 (6th Cir. 1961). During the period of the controversies which preceded that decision a bitter strike had occurred at the Company's plant at Fraser, Michigan. Prior to the court decision the strikers had applied for reinstatement, and the Company had undertaken to reemploy them. A good many returned to work, but encountered intimidation and abuse by physical and verbal assaults of non-striking employees, brought to an end by an injunction against the Company and the nonstrikers.
 
 
 3
 The complaint, filed in behalf of 25 former strikers covered two general areas of conduct which the Trial Examiner concluded were violations of 8(a) (1) and 8(a) (3) of the Act. The first consisted of several incidents wherein the Trial Examiner found that the Company had discriminated against certain of the returning strikers, by discharges, failure to recall in order of seniority, layoffs, and job assignments. Secondly, there was alleged lack of protection of the returning strikers from abuse and intimidation by non-striking employees at the plant.[2] The Trial Examiner found that the Company had failed to give adequate protection and had acquiesced in intimidations which resulted in the former strikers absenting themselves from the plant. This, he concluded, amounted to constructive discharge of the former strikers in violation of Section 8(a) (3). The Company had treated these men as having quit their employment under the Company rule that any employee who absented himself from work for three consecutive days without notifying the Company had voluntarily resigned.
 
 
 4
 The record is quite voluminous and the essential factors in the case have been well and thoroughly briefed by the parties in this court, with able assistance to the court in pointing to the relevant evidence and findings. With this assistance and upon consideration of the record as a whole, including the Trial Examiner's Intermediate Report and the factual weight to be accorded to it, we conclude that the Board's unanimous findings and conclusions find substantial support in the record and should not be disturbed by the court. The substance of the matter is that the Board found no evidence of any employer animus toward the strikers because they had exercised their right to strike. It also found, contrary to the Trial Examiner, that under the applicable cases the Company did all that it was obligated to do to protect the returning strikers from the intimidation alleged, and had engaged in no unfair labor practice in that respect.
 
 
 5
 Petitioners make the contention in this court with regard to the employees who were excluded from returning to or remaining at work that, notwithstanding the absence of anti-union animus, the Company's application of the "three day rule" was an improper penalty for protected activity, relying upon NLRB v. Erie Resistor Corp., 373 U.S. 221, 83 S.Ct. 1139, 10 L.Ed. 308 (1963). We do not read the Supreme Court's opinion in Erie Resistor to be applicable to the facts of this case where there is an absence of actual discrimination and where the Board is sustained in its finding that the Company did all that it was required to do in protecting the returning strikers from their fellow employees. The Company's obligation in these circumstances is no greater due to the existence of the absentee rule, which is not shown to have been discriminatorily applied.
 
 
 6
 As to the remaining question, whether the Board erred in failing to find that the complaining employees were discharged for engaging in concerted action against objectionable working conditions, and should be reinstated, this contention was first made by the Unions by motion for reconsideration filed some months after the issuance of the Board's decision and order. We consider the Board's rejection of this contention, by its denial of the motion, as proper unless the evidence should persuade us that there is a substantial factual issue that the discharges, or some of them, were due to concerted activity against objectionable working conditions. The Unions seek no remand to require further consideration by the Board. And upon our own consideration of the case we can neither accept the Union's view of the evidence on this issue, nor find justification sua sponte for remand to the Board for its further consideration of it.
 
 
 7
 The findings and decision of the Board are not necessarily those the court would have made were we charged with initial responsibility; for the Unions' positions are not without strength. We do not set aside the Board's order because, within the appropriate limits of our review jurisdiction, the record and the Board's findings and reasoning have the support requisite to avoid judicial repudiation.
 
 
 8
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 61 Stat. 136 (1947), 29 U.S.C. § 141et seq. (1958).
 
 
 [2]
 The Trial Examiner found that there were three groups of these "excluded" employees: (1) those who left work because of abuses within the plant, (2) those found to have been excluded from entry by the nonstrikers, and (3) nine of the 25 who did not report at all although offered reemployment. The 25 involved in this case were among 65 former strikers who were offered reemployment